# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        )
                          )
                          )
    v.                    )
                          )    I.D. No. 1906006668
                          )
MICHAEL RIVERA,           )
                          )
        Defendant.        )


Date Decided: February 4, 2021


*Upon Defendant Michael Rivera's Motion to Suppress*
**DENIED.**


## ORDER


Nicholas R. Wynn, Esquire, Deputy Attorney General, Wilmington, Delaware, Attorney for the State.

Michael Rivera, *pro se.*


**SCOTT, J.**

On this 4th day of February 2021, upon consideration of Defendant Michael Rivera's ("Mr. Rivera") Motion to Suppress for Franks Violations, it appears to the Court that:

1. On June 11, 2019, New Castle County police arrested Mr. Rivera for an incident between Mr. Rivera and Ms. Laray Ross ("Ms. Ross") spanning between June 9-11, 2019.

2. According to Detective Phillips' June 11, 2019 Report (the "Report"), Mr. Rivera was initially accused of Kidnapping First Degree, Assault Second Degree, Unlawful Imprisonment First Degree, Terroristic Threatening, Offensive Touching, two counts of Strangulation, and Rape First Degree During the Commission or Attempted Commission of Specified Misdemeanors.

3. However, Mr. Rivera was subsequently indicted for only Kidnapping First Degree, Assault Second Degree, Terroristic Threatening, and two counts of Strangulation.[1]

4. Mr. Rivera has filed a Motion to Suppress and alleges that a *Franks* violation has occurred.

5. Mr. Rivera argues that the affidavit of probable cause supporting the applications for search warrants omits any mention that Ms. Ross informed

_____

[1] State's Resp. at p. 1.

1

the police that the sexual incident, which supports the Rape First Degree charge, was consensual and that she was not sexually assaulted or abused. Mr. Rivera argues that, since these statements were made before the police requested any of the search warrants relevant to his case, *Ridgeway v. State*[2] makes clear that any evidence resulting from these search warrants must be suppressed.[3]

6. The case at hand involved what is more accurately described as a reverse-*Franks* situation. Namely, when omitted information is the basis of a challenge to a warrant, the defendant must establish by the preponderance of the evidence that the police knowingly and intentionally, or with reckless disregard for the truth, omitted information material to a finding of probable cause.[4] Upon such a finding, "the reviewing court will add the omitted information to the affidavit and examine the affidavit with the newly added information to determine whether the affidavit still gives rise to probable cause."[5]

---

[2] *Ridgeway v. State*, 2013 WL 2297078, at *3 (Del. 2013) (citing to *Rivera v. State*, 7 A.3d 961, 968 (Del. 2010) ("If the police omit facts from a search warrant affidavit that are material to a finding of probable cause with reckless disregard for the truth, then the rationale of Franks v. Delaware applies, and the evidence obtained as a result of that search warrant must be suppressed.")).
[3] Def.'s Mot. to Suppress at pp. 1-2.
[4] *Rivera v. State*, 7 A.3d 961, 968 (Del. 2010).
[5] *Sisson v. State*, 903 A.2d 288, 300 (Del. 2006).

7. Mr. Rivera contends that the affidavit of probable cause omits any mention that Ms. Ross informed the police that the sexual incident at issue was consensual and that she was not sexually assaulted or abused.

8. The affidavits of probable cause that accompanied the applications for all of the search warrants stated the following:

> **The victim advised she then woke up and had sex with [Mr. Rivera] but that she only consented to having sex with him due to her being fearful of being assaulted further.** The victim did advise that she told Michael the sex hurt, and he stopped having sex with her.[6]

> It should be noted that **FNE Olicker advised Detective Phillips that she asked the victim if she had been forced or coerced to have sex and she stated she had not so a full SANE exam was not conducted.** Detective Phillips was made aware that FNE Olicker spoke with the victim again after Detective Phillips spoke to her and **FNE Olicker advised that the victim then provided her with a similar story that she did to Detective Phillips about the sexual intercourse.**[7]

9. In the Report, Detective Phillips recorded the following:

> (1) **"[Ms. Ross] then clarified about the sexual intercourse that she had with [Mr. Rivera]. [Ms. Ross] stated that [Mr. Rivera] was trying to make up with her and she was trying to give him what he wanted so she wouldn't get harmed.";** (2) "[Ms. Ross] did advise that if she didn't feel like she was afraid for her life or that he was going to harm her again, then they wouldn't have had sex because she did not want to."; (3) **"It**

---

[6] The location of the statement changes for each warrant. For example, see paragraph 8 for the 2006 Mazda MPV search warrant. For the cell phone warrant, see paragraph 15. (emphasis added).

[7] For the 2006 Mazda MPV search warrant, see paragraph 12. For the cell phone warrant, see paragraph 20. (emphasis added).

should be noted that [Ms. Ross] did state that she did consent to having sex with [Mr. Rivera] and that he did not once sexually assault or abuse her";[8] (4) "SANE nurse Olicker stated that a full SANE exam was not being conducted due to the victim stating that she was never forced or coerced into having sex";[9] and (5) "It should be noted that I again made contact with SANE nurse Olicker about her second conversation with [Ms. Ross] and she advised that **she asked [Ms. Ross] if she had ever agreed to have sex with [Mr. Rivera] in an effort to avoid a conflict or confrontation and [Ms. Ross] stated 'Yeah that's what happened today.'"[10]

10. The police did not knowingly and intentionally or with a reckless disregard for the truth, omit information from the search warrant affidavit that was material to a finding of probable cause.

11. Although the affidavit of support does not include specifically the statement that Ms. Ross initially informed the police that she gave consent and was not coerced into having sexual intercourse with Mr. Rivera, this initial statement is not material to the establishment of probable cause.

12. Even if the Court were to add the omitted language to the affidavit, it would not defeat a finding of probable cause in this Court's view:

> The victim advised she then woke up and had sex with [Mr. Rivera]. **It should be noted that [Ms. Ross] did state that she did consent to having sex with [Mr. Rivera] and that he did not once sexually assault or abuse her;** [however, she later clarified] that she only consented to having sex with him due to her being fearful of being assaulted further. The victim did advise

---

[8] Detective Phillips' June 11, 2020 Report, p. 6. (emphasis added).
[9] *Id.* at p. 7.
[10] *Id.*

that she told Michael the sex hurt, and he stopped having sex with her.

13. It is this Court's opinion that the missing information or language is not material to the establishment of probable cause, nor were the omissions made with reckless disregard. At most, the omission by the police were negligent.

14. Mr. Rivera has not shown, by "a preponderance of the evidence, that the police knowingly and intentionally, or with reckless disregard for the truth, omitted information from the search warrant affidavit that was material to a finding of probable cause."[11]

15. Moreover, at the hearing on this Motion, it appeared that Mr. Rivera's primary argument, that the sexual intercourse with Ms. Ross was consensual, was relevant to whether he should have been indicted for Rape First Degree and Unlawful Imprisonment in the first instance. It may not be apparent to Mr. Rivera, but Mr. Rivera was not indicted for Rape First Degree and Unlawful Imprisonment.

Therefore, for the reasons stated above, Mr. Rivera's Motion to Suppress is **DENIED**.

**IT IS SO ORDERED.**

_____
**The Honorable Calvin L. Scott, Jr.**

---

[11] *Rivera v. State*, 7 A.3d 961, 968 (Del. 2010).